# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

**KENNETH EUGENE FOX, SR.**            **PETITIONER**

**V.**            **NO. 2:10CV152-P-A**

**DANNY SCOTT, et al.**            **RESPONDENTS**

## MEMORANDUM OPINION

This cause comes before the court on the petition of Kenneth Eugene Fox, Sr., inmate number 153433, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. After due consideration, the court *sua sponte* finds that the petition should be dismissed.

*A. Factual and Procedural Background*

On September 7, 2010, Fox filed his petition in this court challenging a 2009 state conviction for aggravated assault. Fox included information in his petition indicating he has not exhausted state court remedies.

*B. Exhaustion*

It is well-settled that a state prisoner seeking habeas corpus relief in federal court must first exhaust available state remedies. 28 U.S.C. § 2254(b)(1) and (c)[1]; *see also, Rose v. Lundy*, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). An applicant "shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of [§ 2254] if he has the right

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
(A) the applicant has exhausted the remedies available in the courts of the State; or
(B)(i) there is an absence of available State corrective process; or
(ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Thus, it is a fundamental prerequisite to federal habeas relief that a petitioner exhaust all his claims in state court prior to seeking federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). To satisfy this requirement, the petitioner "must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999).

Given his admitted failure to present his claims to the State's highest court, the court finds that the Petitioner has not pursued or followed through with the pursuit of the remedies available to him in State court. *See* Miss. Code Ann. §§ 99-39-1 *et seq*. The Petitioner should, without haste, return to state court and exhaust each claim he intends to present in a federal habeas petition. If he does not delay and once he has received a ruling from the Mississippi State Supreme Court, the Petitioner may return to this court and again pursue a federal writ of habeas.[2] Since Fox has not exhausted state court remedies, this federal habeas petition is premature and will be dismissed without prejudice.

A final judgment in accordance with this opinion will be entered.

THIS the 1st day of October, 2010.

                                              /s/ W. Allen Pepper, Jr.
                                              W. ALLEN PEPPER, JR.
                                              UNITED STATES DISTRICT JUDGE

---

[2] The prohibition against successive writs will not apply where the court has not reviewed the merits of a petition. 28 U.S.C. § 2244(b)(3)(A).